UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRIS WALTERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. ) |
| T-FORCE FREIGHT, INC., | ) ) |
| Defendant. | ) ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Chris Walters ("Walters"), by counsel, brings this action against Defendant, T-Force Freight, Inc. ("Defendant") for violations of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADA"), and Age Discrimination in Employment Act ("ADEA").

**II. PARTIES**

2. Walters is a resident of Hamilton County, Indiana, which is located within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business in Marion County, Indiana, which is located within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 626; and 42 U.S.C. § 12117.

5. Defendant is an "employer," as that term is defined by 29 U.S.C. §630(b) 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 626.

6. Walters was an "employee," as that term is defined by 29 U.S.C. §630(f), 42 U.S.C.§ 12111(4) and 29 U.S.C. § 626

7. At all relevant times, Walters suffered from a "disability," as that term is defined by 42 U.S.C. §12102(1)-(3).

9. Walters satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination (Charge No. 470-2024-03101) with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant alleging discrimination based on his disability and age. Walters received the required Notice of Suit Right to Sue on May 23, 2025, and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. Walters was born in the year 1966.

12. Walters began working for the Defendant on or about July 13, 2009, as a Road Driver.

13. At all relevant times, Walters met or exceeded Defendant's legitimate performance expectations.

14. Walters is a qualified individual with a disability as defined under the ADA, and/or Defendant regarded Walters as being disabled. Walters suffers from Ulcerative Colitis, which, a condition causing ulcers and inflammation of the large intestine and therefore limits one or more major life activities. Defendant is aware of Walters' disability.

15. On or about February 10, 2021, Walters injured his shoulder at work resulting in his need to file for workers' compensation benefits. Defendant denied his workers compensation benefits. Walters tore his rotator cuff which required the need for surgery and limited him in one or more major life activities, such as limiting his range of motion while at work and ability to lift heavy objects. Defendant is aware of Walters disability.

16. Defendant requires its employees to undergo random drug testing. Throughout his fifteen years of employment, Walters has submitted and passed the testing without issue.

17. On or about September 1, 2023, Defendant requested that Walters submit to testing. On this occasion, it had him report to a different location for the testing than he had in the past. Upon arrival, Walters was unable to provide a sample in demand; therefore, he was given water and told he would get an opportunity to try again shortly thereafter.

18. Three hours later, Walters still had not been provided a second opportunity to provide a sample (or otherwise relieve himself) despite informing the testing lab on multiple occasions that not only was he ready to provide a sample, but he was in pain due to his full bladder interacting with his disability. Still, the testing lab did not give him the opportunity to test and, instead, asked him to leave when he became agitated due to the bladder pain caused by not being allowed to test.

19. Walters left the testing center and went back to work to inform Defendant about what had happened and attempted to get reassigned to another testing center. Walters asked if he could be rescheduled at the center they typically went to instead. Defendant stated they would reschedule him after Walter's came back from vacation. Walters went home and received a call a couple hours later that he was being terminated purportedly because he cursed and became agitated at the testing site.

20. Similarly situated younger and non-disabled individuals who have engaged in similar and far more egregious conduct have not been terminated.

21. Approximately four months later, Defendant returned Walters to work but required him to undergo regular testing and treatment for substance abuse despite him not having a substance abuse disorder nor failing any drug test. Defendant imposed these requirements on Walters because it perceived him as having a substance abuse disorder.

## V. CAUSES OF ACTION

### COUNT I: ADA - DISABILITY DISCRIMINATION

22. Walters hereby incorporates paragraphs one (1) twenty-one (21) of his Complaint as if the same were set forth at length herein.

23. Walters is an individual with a disability as defined by the ADA 42 U.S.C. § 12101 *et seq.* Defendant was aware of Walters' actual and perceived disabilities.

24. Defendant discriminated against Walters by failing to accommodate his disability (ulcerative colitis) and terminating his employment and subjecting him to less favorable terms upon rehire on the basis of his actual disability (rotator cuff) and/or perceived disability (substance abuse).

25. Defendant's actions were intentional, willful, and taken in reckless disregard of Walters' rights as protected by ADA.

26. Walters has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: ADEA - AGE DISCRIMINATION

27. Walters hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint as if the same were set forth at length herein.

28. Defendant discriminated against Walters on the basis of his age by terminating his employment because of his age.

29. Defendant's actions were willful, intentional, and done with reckless disregard for Walters' rights as protected by the ADEA.

30. Walters has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Chris Walters, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for violations of the ADA;

6. Award Plaintiff punitive damages for Defendant's violations and the ADA;

7. Award Plaintiff liquidated damaged for Defendant's violations of the ADEA;

7. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

9. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

10. Award Plaintiff all other legal and/or equitable relief this Court sees fit to gran

Respectfully submitted,

<div style="margin-left:50%">

BIESECKER DUTKANYCH & MACER, LLC
By:  */s/ Ryan Sullivan*
Ryan Sullivan
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: rsullivan@bdlegal.com

*Counsel for Plaintiff, Chris Walters*

</div>

## DEMAND FOR JURY TRIAL

Plaintiff, Chris Walters, by counsel, requests a trial by jury on all issues deemed so triable.

<div style="margin-left:50%">

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  */s/ Ryan Sullivan*
Ryan Sullivan
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: rsullivan@bdlegal.com

*Counsel for Plaintiff, Chris Walters*

</div>